UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY BARTON, TRUSTEE; INDIANA TEAMSTERS HEALTH BENEFITS FUND; JEFF COMBS, TRUSTEE; and TEAMSTERS 716 PENSION FUND, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CAUSE NO. 1:19-cv-5061<br>) |
| EASTSIDE TRUCKING COMPANY INC., | )<br>) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Come now the Plaintiffs, Danny Barton, Trustee ("Barton"); Indiana Teamsters Health Benefits Fund (the "Health Fund"); Jeff Combs, Trustee ("Combs"); and Teamsters 716 Pension Fund (the "Pension Fund"), by counsel, and for their Complaint for Damages and Injunctive Relief against the Defendant, Eastside Trucking, Inc. ("Eastside"), allege and state as follows:

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this is an action founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; and Section 209(a) and (b) of ERISA, 29 U.S.C. § 1059(a) and (b). Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements, participation agreements, and trust documents requiring the Defendant to allow the Plaintiff to audit the Defendant's books and payroll records, and to make health and welfare and pension contributions on behalf of its employees to the Plaintiffs, thereby violating ERISA, and the terms and provisions of employee benefit plans, and the provisions of Section 302(c) of the Labor Management Relations Act of 1947.

2. The Health Fund and the Pension Fund (together, the "Funds") are employee benefit plans within the meaning of Section 3(1) and (3), and Section 502 of ERISA, 29 U.S.C. §§ 1002(1) and (3) and 1132. The Funds maintains their offices and principal places of business in Indianapolis, Indiana.

3. Barton is a Trustee of the Health Fund. Barton is a fiduciary of the Health Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Barton brings this action on behalf of the Trustees of the Health Fund.

4. Combs is a Trustee of the Pension Fund. Combs is a fiduciary of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. 1002(21). Combs brings this action on behalf of the Trustees of the Pension Fund.

5. Eastside is an employer existing under and by virtue of the laws of the State of Indiana, with its offices and principal place of business in Indianapolis, Indiana, and its principal office located at 1545 E. 35th Street, Indianapolis, IN 46218.

6. Eastside is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of ERISA, 29 U.S.C. §§ 1002(5)(11)(12) and (14) and 1059.

7. Eastside is a party to and has agreed to abide by the terms of a collective bargaining agreement and/or participation agreement requiring it to allow the Funds to audit its books and payroll records to determine whether it is accurately reporting its contribution obligations and to make contributions to the Funds.

8. Eastside has failed to allow the auditor of the Fund to audit its books and records despite numerous requests and has failed to make timely contributions to the Funds for and on behalf of its employees and has, therefore, failed to perform its obligations under the terms and

conditions of the aforementioned collective bargaining agreements, participation agreements, and trust agreements of the Funds, and is additionally in violation of Section 515 of ERISA, as amended, 29 U.S.C. § 1145.

9. Based on Eastside's refusal to permit the Funds to perform an audit, as well as information from a participant that he has received no pension contributions from Eastside for nine (9) years, the Funds have reason to believe that Eastside may be under- or mis-reporting its contributions to the Funds.

10. Despite demands that Eastside perform its contractual obligations with respect to making contributions as required by the agreement to the Funds, Eastside has failed, neglected, omitted and refused to make those payments.

11. Against Eastside's refusal to comply with the terms and conditions of its collective bargaining agreement, participation agreements, and trust agreements, the Plaintiffs have no adequate remedy at law, and unless Eastside is mandatorily compelled to comply with said documents, the Plaintiffs will suffer irreparable harm.

12. Plaintiffs are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1132(g)(2), to the payment of delinquent contributions and to liquidated damages and interest.

13. Plaintiffs are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments of 1980, to their attorney fees incurred in bringing this action against Eastside.

WHEREFORE, Plaintiffs demand the following relief:

1. An order requiring Eastside to produce its books and payroll records to the Funds for the purpose of performing an audit to determine whether Eastside is accurately reporting on

its contribution obligations and the extent to which Eastside may have failed to pay its contributions.

      2.      A preliminary injunction enjoining Eastside from failing, neglecting, and refusing to make its required contributions to the Funds as they fall due.

      3.      A permanent injunction enjoining Eastside from failing, neglecting, and refusing to make its required contributions to the Funds as they fall due.

      4.      A judgment on behalf of Plaintiffs in a sum equal to Eastside's delinquencies to the Funds, plus late fees, interest at the statutory rate on all delinquencies, liquidated damages on all delinquencies, reasonable attorneys' fees, and costs of this action, all as provided in 29 U.S.C. § 1132(g)(2).

      5.      That the Court retain jurisdiction of this cause pending compliance with its Orders.

      6.      For such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

*/s/ David T. Vlink*
David T. Vlink, #30182-45
Jeffrey A. Macey, #28378-49

**MACEY SWANSON LLP**
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN  46204
Telephone:   (317) 637-2345
Facsimile:   (317) 637-2369
E-mail:   DVlink@fdgtlaborlaw.com
          JMacey@maceylaw.com